IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SHUGARMAN & MEHRING, G.P.,<br>1 North Charles Street #1901<br>Baltimore, Maryland 21201,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant.* | Case No.<br>Filed Electronically<br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR REFUND

Shugarman & Mehring, G.P. ("Plaintiff"), by and through its undersigned counsels, and pursuant to 26 U.S.C. ("I.R.C.") § 7422, hereby submits this Complaint for Refund against the United States of America ("Defendant"), seeking a refund of an employee retention credit, interest pursuant to I.R.C. § 6611, and reasonable costs and attorneys' fees pursuant to I.R.C. § 7430 and in support thereof states as follows:

### I. INTRODUCTION

1. On or about March 27, 2020, in response to the COVID-19 pandemic, Congress passed the Coronavirus Aid Relief and Economic Security Act (the "CARES Act").

2. The CARES Act created an employee retention credit ("ERC") on eligible wages paid between March 12, 2020, and December 31, 2020. The credit provided 50% of up to $10,000 of qualified wages.

3. The Credit is available if the business had at least a 50 percent reduction in gross receipts in a calendar quarter in 2020 against the same quarter from 2019 and maintained a 20 percent or more reduction in subsequent quarters, or the business's operations were fully or partially suspended due to a governmental order.

4. Employers with more than 100 full-time employees were "large employers". Large employers' most significant limitation was they could only use wages paid to employees to not work (not all qualified wages).

5. Claiming an ERC is effectuated through the filing of Forms 941-X (Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund).

6. On or about December 27, 2020, Congress passed the Consolidated Appropriations Act which included the Taxpayer Certainty and Disaster Tax Relief Act of 2020 (the "Relief Act").

7. The Relief Act extended eligibility for ERC through June 30, 2021. Moreover, the ERC became worth 70 percent of up to $10,000 of qualified wages per employee per quarter instead of annually.

8. The definition of Large Employer was also changed to include those with more than 500 full-time employees.

9. On or about March 11, 2021, Congress passed the American Rescue Plan Act ("A.R.P.A.").

10. The A.R.P.A. extended the ERC through December 31, 2021.

11. On or about September 14, 2023, the Internal Revenue Service ("I.R.S." or "the Service") announced a mortarium through, at the minimum, the end of 2023 on all ERC claims due to concerns of inaccurately filed claims and the related processing of said claims.

12. On or about October 19, 2023, the Service announced a special withdrawal process to help those who filed an ERC refund claim and are concerned about its accuracy. This allowed employers to withdraw an ERC refund claim and in turn avoid future repayment, interest, and penalties.

13. As of January 16, 2024, the date of the filing of this complaint, some claims for ERC are still not being paid by the Service even though the mortarium has ended and the funds are due on said claims.

## II. LEGAL AND FACTUAL BACKGROUND

14. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15. At all relevant times, Plaintiff was a for profit general partnership with its principal place of business in Baltimore, Maryland. Plaintiff is in the trade and business of providing legal services.

16. From 2019 through 2021, Plaintiff continued to provide legal services throughout the COVID-19 pandemic.

17. From 2019 through 2021, Plaintiff employed on average 100 or fewer full-time employees.

18. From 2019 through 2021, Plaintiff paid qualified wages to its employees.

19. Plaintiff's gross receipts for the employment tax quarters ending June 30, 2020, December 31, 2020, June 30, 2021, and September 30, 2021, were less than 50 percent of the gross receipts for the same employment tax quarter in the previous year.

20. Plaintiff maintained adequate and accurate documentation to support the determination of gross receipts for the employment quarters provided above.

21. Plaintiff is therefore an eligible employer under all applicable statutory provisions including the Internal Revenue Code and the CARES Act.

22. On or about February 6, 2023, Plaintiff submitted an ERC claim of $5,258.89 as it relates to the employer quarter ending June 30, 2020.

23. The ERC claim of $5,258.89 was received by the Service and paid to Plaintiff on or about June 19, 2023.

24. On or about February 13, 2023, Plaintiff submitted an ERC claim of $4,741.12 as it relates to the employer quarter ending December 31, 2020.

25. The ERC of $4,741.12 for the quarter ended December 31, 2020, was received by the Service and paid to Plaintiff on or about June 19, 2023.

26. On or about February 13, 2023, Plaintiff submitted an ERC claim of $14,000.00 as it relates to the employer quarter ending September 30, 2021.

27. The ERC of $14,000.00 for the quarter ending September 30, 2021, was received by the Service and paid to Plaintiff on or about June 19, 2023.

28. On or about February 13, 2023, Plaintiff submitted an ERC claim of $14,000 as it relates to the employee quarter ending June 30, 2021.

29. The Service received Plaintiff's claim for the employee quarter ending June 30, 2021, but has failed to process and pay said claim.

30. Accordingly, the Service has failed to fulfill its statutory duty by holding the funds related to Plaintiff's ERC claim without justification.

### III.  JURISDICTION AND VENUE

31. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

32. This Court has jurisdiction by reason of 28 U.S.C. §§ 1331 (civil action arising under the Constitution, laws, or treaties of the United States); 1340 (civil action arising under Act of Congress providing for internal revenue); 1346(a)(1) (civil action against United States for recovery of tax or other sum wrongfully collected under internal revenue laws); and I.R.C. § 7422 (civil action for refund).

33. Venue is proper in the United States District Court of Maryland pursuant to 28 U.S.C. §§ 1391 and 1402(a) as Plaintiff is a for-profit, general partnership, with its principal place of

business at 1 North Charles Street #1901, Baltimore, Maryland 21201 in the City of Baltimore, Maryland.

34. The Defendant is the United States of America.

35. This is a civil action arising under the internal revenue laws of the United States for the refund of federal income taxes and related interest due to Plaintiff.

36. Plaintiff met all jurisdictional prerequisites required under I.R.C. §§ 7422 and 6532.

37. Specifically, as stated more fully *infra*, Plaintiff complied with the requirements of I.R.C. §§ 7422 and 6532 by timely filing a claim for refund via Form 941-X (Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund) for the period at issue.

38. Plaintiff filed its claims within the two years of payment as specified in I.R.C. §§ 6511 and 6532.

39. More than six months have elapsed since Plaintiff timely filed its refund claims. Moreover, Plaintiff has not been notified by the I.R.S. that its claims were disallowed.

40. Therefore, Plaintiff satisfied the requirements of I.R.C. §§ 6532 and 7422 and venue as well as jurisdiction with this Court is proper.

**IV.   COUNT ONE - Claim for Refund**

41. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

42. Plaintiff is entitled to its ERC claim for the employment period ending June 30, 2021, that was filed on or about February 13, 2023, and remains unpaid by the Service.

43. Section 2301 of the CARES Act provides a credit (ERC) against applicable employment taxes for eligible employers, including tax-exempt organizations, that pay qualified wages, including certain health plan expenses, to some or all employees after March 12, 2020, and before January 1, 2021.  Sections 206 and 207 of the Relief Act amends section 2301 of

the CARES Act to extend the application of the employee retention credit to qualified wages paid after December 31, 2020, and before July 1, 2021, and to modify the calculation of the credit amount for qualified wages paid during that time.

44. Before February 13, 2023, Plaintiff paid all amounts due for the employment tax quarter ending June 30, 2021. In total, Plaintiff paid eight thousand nine hundred ninety-eight and 15/100 dollars ($8,998.15) in employment tax to the I.R.S. for the employment tax quarter ending June 30, 2021.

45. On or about February 13, 2023, Plaintiff filed Form 941-X for the employment tax quarter ending June 30, 2021, to claim a refund related to the ERC to which Plaintiff was lawfully entitled in the amount of fourteen thousand and 00/100 dollars ($14,000.00).

46. Plaintiff filed its claim for refund within three years of filing the return as specified in I.R.C. § 6511.

47. Plaintiff's suit under I.R.C. § 7422(a) is filed in accordance with I.R.C. § 6532(a)(1); *i.e.*, more than six months have elapsed since the filing of Plaintiff's Form 941-X claim for refund with the I.R.S.

48. Accordingly, Plaintiff is due a refund of its ERC for federal employment tax for the quarter ending June 30, 2021, is the sole owner of the claim for refund, and has made no assignment of its claim.

## V.     COUNT TWO – Claim for Interest

49. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

50. As of the date of this filing, Plaintiff has not received any correspondence from the Service regarding the processing and or payment of its ERC claim for the employer period ending June 30, 2021.

51. Pursuant to I.R.C. § 6611, interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the overpayment rate established under section 6621. Moreover, pursuant to I.R.C. § 6611(b), such interest shall be allowed and paid, in the case of a refund, from the date of the overpayment to a date (to be determined by the Secretary) preceding the date of the refund check by not more than 30 days, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer. The acceptance of such check shall be without prejudice to any right of the taxpayer to claim any additional overpayment and interest thereon.

52. Plaintiff filed its ERC claim for the employer period ending June 30, 2021, on or about February 13, 2023.

53. As of the date of this filing, Plaintiff has not received its ERC claim for the employer period ending June 30, 2021, nor has it received any correspondence regarding why said payment has not been effectuated.

54. Accordingly, Plaintiff is statutorily due interest for its ERC claim for the employer period ending June 30, 2021, until the date payment is made.

VI.   **COUNT THREE – Claim for attorneys' fees**

55. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

56. As of the date of this filing, Plaintiff has not received any correspondence from the Service regarding the processing and or payment of its ERC claim for the employer period ending June 30, 2021.

57. Pursuant to I.R.C. § 7430, in any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment

or a settlement for reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and reasonable litigation costs incurred in connection with such court proceeding.

58. On or about January 17, 2024, Plaintiff filed its complaint against the United States, in connection with a request for a refund.

59. Accordingly, Plaintiff requests an award of costs and attorneys' fees as incurred as a result of the administrative and litigation-based representation as required to facilitate a resolution to this claim for refund.

## VII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) Enter judgment for Plaintiff in the amount of fourteen thousand and 00/100 dollars ($14,000.00).

(B) Enter judgment for Plaintiff for interest that is unpaid by the United States.

(C) Enter judgment for Plaintiff for reasonable attorneys' fees including but not limited to litigation and administrative costs.

(D) Such other relief to which Plaintiff is entitled to at law or in equity.

(E) Plaintiff requests a jury trial for all issues triable by a jury pursuant to Federal Rule of Civil Procedure 38(b).

[Continued on next page]

Dated: January 17, 2024

Respectfully Submitted,

_____
GLEN E. FROST, Esq.
Bar No. 29014
Frost & Associates, LLC
839 Bestgate Road, Suite 400
Annapolis, MD 21401
Phone: (410) 497-5947
Facsimile: (888) 235-8405
Email: glen.frost@frosttaxlaw.com


_____
J. PETER HAUKEBO, Esq.
Bar No. 18307
Frost & Associates, LLC
839 Bestgate Road, Suite 400
Annapolis, MD 21401
Phone: (410) 497-5947
Facsimile: (888) 235-8405
Email: peter.haukebo@frosttaxlaw.com

_____
MICHAEL J. MARCH, JR., Esq.
Bar No. 20377
Frost & Associates, LLC
839 Bestgate Road, Suite 400
Annapolis, MD 21401
Phone: (410) 497-5947
Facsimile: (888) 235-8405
Email: michael.march@frosttaxlaw.com

*Counsels for Plaintiff*
*Shugarman & Mehring*